UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLEN PETERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>AMY BONCHER, )<br>)<br>Respondent. ) | CIVIL ACTION<br>NO. 22-11503-JGD |

**MEMORANDUM OF DECISION AND ORDER ON RESPONDENT'S
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
BROUGHT PURSUANT TO 28 U.S.C. § 2241**

January 25, 2023

DEIN, U.S.M.J.

**I.     INTRODUCTION**

The Petitioner, Allen Peters ("Peters," "Petitioner" or "Defendant"), is presently incarcerated at Federal Medical Center Devens ("FMC Devens"). He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the decision of the Bureau of Prisons ("BOP") denying his request to be transferred to home confinement under the CARES Act.[1] Peters contends that he is a Native American who suffers from a number of serious

---

[1] The Respondent, Amy Boncher, is the Warden of FMC Devens. In connection with this Memorandum of Decision and Order, this court has considered the following relevant pleadings: the Habeas Petition (Docket 1) ("Petition"); the Respondent's "Memorandum in Support of Motion to Dismiss" (Docket No. 9) ("Resp. Mem."); Peters' request for the appointment of counsel (Docket No. 10); the Respondent's "Opposition to Motion for Appointment of Counsel" (Docket No. 11); and the "Petitioner's Reply to Respondent's Opposition to Motion for Appointment of Counsel" (Docket No. 15) ("Pet. Reply"). The petitioner's opposition to the motion to dismiss was due on January 20, 2023, and the court has not received such filing as of this date. The court denied the Petitioner's request for appointment of counsel without prejudice on the grounds that counsel's assistance is not needed to address the jurisdictional issues raised by the instant Motion to Dismiss. (See Docket No. 16).

medical conditions, and that FMC Devens has instituted insufficient safety measures to ensure that prisoners do not contract COVID-19.  He further contends that he is being discriminated against and treated differently than other similarly situated individuals because he is a Canadian and Native American, and lives in an underserved area, *i.e.*, a Reservation.  (Petition ¶ 13; see also Pet. Reply).

This matter is presently before the court on the Respondent's Motion to Dismiss (Docket No. 8) whereby the Respondent contends that the habeas petition must be dismissed as this court lacks jurisdiction to award the relief requested under 28 U.S.C. § 2241.  Because this court is without jurisdiction under 28 U.S.C. § 2241 to provide any of the relief sought by Peters, the motion to dismiss is allowed, and the habeas petition is dismissed without prejudice.

## II.    STATEMENT OF FACTS

Peters is presently serving a federal sentence, which was imposed by the United States District Court for the Northern District of New York.  (Petition ¶ 13).  According to Peters, he is a Native American, has served more than 50% of his sentence and has multiple health conditions that put him at high risk for COVID-19.  (Id. ¶¶ 6, 7(a)(6)).  He has twice requested that the BOP transfer him to home confinement, but his requests were denied.  (Id. ¶ 6(c)).  In his habeas petition, Peters:

> moves this Honorable Court to modify the petitioner's sentence to time served, or in the alternative, to compel FMC Devens to transfer petitioner to home confinement where he will be better protected from a COVID infection as per the United States Attorney General Barr's 2020 memo and the Presidential Executive [Order] of 2022.

(Id. ¶15).

Peters previously sought substantially the same relief in the sentencing court. See United States v. Allen Peters, 13-cr-0316 (N.D.N.Y.). Specifically, on April 9, 2021, Peters filed an emergency motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A), which was denied by the sentencing court in a Text Order on April 14, 2021. (See Resp. Mem. at 3; Appendix A hereto).[2] The New York Court denied the request for two reasons. First, the Court concluded that the "Defendant has not persuaded the Court that the adverse health conditions from which he currently suffers are so serious and unable to be controlled by the Bureau of Prisons, that (at age 49) he is at high risk for severe illness from COVID-19." (Appendix A at Docket No. 168). The Court also noted that Peters had been offered, but had declined, a COVID-19 vaccination. (Id.). Secondly, the Court found "that the nature and circumstances of the offense of which Defendant was convicted, his prior criminal history, and the percentage of the sentence he has served thus far weigh against compassionate release." (Id.). After his transfer to FMC Devens, Peters filed this habeas petition on September 12, 2022.

Additional facts will be provided below as appropriate.

### III.   ANALYSIS

It appears that Peters is seeking a reduction in his sentence, home confinement, and/or compassionate release. For the reasons that follow, this Court is without jurisdiction to provide any of these types of relief. Therefore, the Respondent's motion to dismiss must be allowed.

---

[2] The Respondent quoted most, but not all, of the Text Order in its Memorandum. A copy of the relevant docket entries and the complete Text Order are attached to this Memorandum of Decision as Appendix A.

**Reduction in Sentence by the Court**

To the extent Peters is seeking a reduction of his sentence on the grounds that it was improperly issued, such a challenge is beyond the purview of a habeas petition brought under 28 U.S.C. § 2241.[3]  Rather, a petitioner must proceed under 28 U.S.C. § 2255, pursuant to which "a defendant may seek post-conviction relief from his sentence in four instances: if the sentence '(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack.'"  United States v. Duval, 957 F. Supp. 2d 100, 105-06 (D. Mass. 2013) (quoting David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)).  A collateral challenge to the length of a sentence is traditionally raised in a habeas petition brought before the sentencing court pursuant to 28 U.S.C. § 2255.  See Trenkler v. United States, 536 F.3d 85, 97-98 (1st Cir. 2008).  This Court does not have jurisdiction to hear a petition under § 2255 regarding a sentence imposed in a different district.  Smith v. Grondolsky, 299 F. Supp. 3d 287, 298 (D. Mass. 2018), aff'd, No. 18-1316, 2019 WL 10378245 (1st Cir. Sept. 4, 2019) (citing United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) (a petition under § 2255 must be brought in the sentencing court)).

There is a "savings clause" in 18 U.S.C. § 2255(e), which allows a petitioner to challenge the validity of a sentence under § 2241 if the remedies provided by § 2255 prove "inadequate or ineffective."  Barrett, 178 F.3d at 50.  However, recourse to the savings clause has only been

---

[3] A petition under 28 U.S.C. § 2241 "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001).

permitted in "rare and exceptional circumstances" in order to avoid a "complete miscarriage of justice." Trenkler, 536 F.3d at 99 (internal quotations omitted).  Peters does not argue that the savings clause is applicable here.  Nor does the record indicate that it would apply to this case.  See Gonzalez v. United States, 150 F. Supp. 2d 236, 244 (D. Mass. 2001) (savings clause does not apply just because petition under § 2255 may be procedurally barred).  To demonstrate "extraordinary circumstances," which could result in a "miscarriage of justice," a petitioner must establish "actual innocence," as opposed to "legal innocence."  Barrett, 178 F.3d at 48 (internal quotations omitted).  See also Trenkler, 536 F.3d at 99 ("The Supreme Court has defined the term 'miscarriage of justice' as encompassing only those extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.") (internal quotation omitted).  Peters has not even attempted to meet this standard.  Therefore, to the extent that Peters is challenging his underlying sentence, or asking this Court to reduce his sentence, his petition under § 2241 must be dismissed.  See generally Dinkins v. Boncher, Civil Action No. 21-cv-11847-AK, 2022 WL 3021108, at *3-4 (D. Mass. July 29, 2022) (and cases cited).

### Home Confinement

To the extent Peters is asking this Court to transfer him to home confinement as part of his sentence, that decision is also beyond the jurisdiction of the § 2241 court.  See Nieves-Delgado v. Spaulding, Civil Action No. 20-10817, 2020 WL 5849487, at *2 (D. Mass. Oct. 1, 2020) (ruling that habeas petition under 18 U.S.C. § 2241 is an inappropriate method for seeking release from FMC Devens due to COVID-19 concerns).  When a defendant is committed to the custody of the BOP for a term of imprisonment imposed by the sentencing court, the BOP

decides where the defendant serves his sentence based on statutory criteria. See 18 U.S.C. §§ 3582(a), 3621(a). While the sentencing court may make recommendations concerning the type of confinement that is appropriate for the defendant, the ultimate classification decision is the BOP's, and the BOP's designation decisions are not subject to review under the Administrative Procedure Act. See 18 U.S.C. §§ 3582(a), 3621(b), 3625. Furthermore, as this court has previously explained with respect to the issue of home confinement:

> Congress has authorized the BOP to allow prisoners to serve part of their term of imprisonment in home confinement. See 18 U.S.C. § 3624(c)(2). During this time, the prisoner is still considered to be in the legal custody of the BOP. See, e.g., United States v. Earl, 729 F.3d 1064, 1068 (9th Cir. 2013) (BOP's placement of defendant in home confinement did not commence his term of supervised release; defendant had not completed his federal term of imprisonment, even though he was "not technically 'imprisoned' in one sense of the word" during home confinement). Prior to the COVID-19 pandemic, the relevant statutory authority allowed the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The BOP was required, "to the extent practicable, to place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Id.
>
> In response to the COVID-19 pandemic, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was signed into law on March 27, 2020. The CARES Act provides, *inter alia*, that "if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under [18 U.S.C. § 3624(c)(2)], as the Director determines appropriate." Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020). On April 3, 2020, the Attorney General made that finding and directed the head of the BOP to "immediately review all inmates who have COVID-19 risk factors . . . [in] facilities where you determine that COVID-19 is materially affecting operations."

Reyes v. RADM Spaulding Fed. Med. Ctr. Devens, MA, Civil Action No. 20-10793-JGD, 2020 WL 4219788, at *2 (D. Mass. July 23, 2020) (footnote and record citations omitted). Thus, the decision to place a prisoner in home confinement under the CARES Act lies within the sole discretion of the BOP, and is not reviewable by this Court. Id. at *3 (citing United States v.

Chavez, Crim. No. 16-00439, 2020 WL 4001877 at *2 (D.N.M. July 15, 2020); United States v. Trent, Crim. No. 17-20839, 2020 WL 4001913, at *5 (E.D. Mich. July 15, 2020); United States v. Sherrick, Crim. No. 02-20100, 2020 WL 3978174, at *4 (W.D. La. July 14, 2020); United States v. McCloskey, Crim. No. 18-00260, 2020 WL 3078332, at *2 (S.D. Ga. June 9, 2020); Ambriz v. United States, C.A. No. 20-00568, 2020 WL 3066861, at *2 (N.D. Tex. June 5, 2020); United States v. Konny, Crim. No. 19-00283, 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020); United States v. Read-Forbes, Crim. No. 12-20099, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020). See also Holmes v. Spaulding, Civil Action No. 20-11061-RGS, 2020 WL 8838063, at *1 (D. Mass. June 5, 2020) (CARES Act "cannot serve as a basis for this habeas action" under 28 U.S.C. § 2241: the Act only allows the BOP to place inmates in home confinement); United States v. Ogarro, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020) (BOP has the sole discretion to place prisoner on home confinement under the CARES Act).

**Compassionate Release**

Finally, to the extent Peters' habeas petition can be considered a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), that, too, is beyond the jurisdiction of this § 2241 habeas court. As this Court previously explained:

> Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "modify a term of imprisonment" upon motion of the director of the BOP or of a defendant. If the sentencing court finds that the situation warrants a revised sentence, it "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)." 18 U.S.C. § 3582(c)(1)(A). While relief under this section is often referred to as "compassionate release," the sentencing court may reduce a sentence for any "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The sentencing court may provide immediate release by reducing the sentence of

[7]

imprisonment to time served. The sentencing court may also extend the period of supervised release and include a condition of home confinement.

Reyes, 2020 WL 4219788, at * 4.[4]  Such authority, however, is limited to the sentencing court. Nieves-Delgado, 2020 WL 5849487, at *2 (relief under 18 U.S.C. § 3582(c)(1) "may only be provided by the sentencing court[;]" habeas court which did not sentence the petitioner "cannot consider his request.").  In sum, this Court lacks jurisdiction to award Peters the relief he is seeking.

### IV.     CONCLUSION

For all the reasons detailed herein, the Respondent's Motion to Dismiss (Docket No. 8) is ALLOWED.  The habeas petition is dismissed without prejudice.

/s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[4] The sentencing court "may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant."  United States v. Edwards, Case No. 5:15-cr-00339, 2020 WL 4003050, at *1 (N.D. Ohio July 15, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).